**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 41404 & 41405**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 795 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: November 3, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| VIOLA LAVITA QUINTANA, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Molly J. Huskey, District Judge.

Appeal from order revoking probation and reinstating previously suspended unified seven-year sentence, with three-year determinate, term for burglary, dismissed; appeal from judgment of conviction and concurrent unified sentence of ten years, with a minimum period of confinement of three years, for burglary, dismissed.

Sara B. Thomas, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and MELANSON, Judge

_____

PER CURIAM

In Docket No. 41404, Viola Lavita Quintana pled guilty to burglary, I.C. § 18-1401, and the district court imposed a unified seven-year sentence with a three-year determinate term, but retained jurisdiction. Following successful completion of the rider program, the district court suspended the sentence and placed Quintana on probation.

In Docket No. 41405, Quintana pled guilty to burglary. I.C. § 18-1401. In exchange for her guilty plea, an allegation that Quintana was a persistent violator was dismissed. The district

1

court imposed a unified ten-year sentence, with a three-year determinate term, to run concurrent with the sentence in Docket No. 41404. However, the district court retained jurisdiction.

Quintana admitted to violating her probation in Docket No. 41404 as a result of her conviction in Docket No. 41405. The district court revoked Quintana's probation and ordered execution of her original sentence. However, the district court retained jurisdiction. Thus, the district court retained jurisdiction in both cases. On June 3, 2013, the district court relinquished jurisdiction. Quintana filed I.C.R. 35 motions for reduction of her sentences on June 25, 2013, which the district court denied on August 29, 2013. Quintana appeals, challenging the revocation of probation in Docket No. 41404 and asserting that her sentence is excessive in Docket No. 41405.

The state asserts that Quintana's appeals are untimely. In Docket No. 41404, the district court entered Quintana's judgment of conviction on April 5, 2007, and revoked probation on November 15, 2012. In Docket No. 41405, Quintana's judgment of conviction was entered on November 15, 2012. Because the district court retained jurisdiction, the forty-two-day time for appeal in Docket No. 41405, did not commence until the district court relinquished jurisdiction on June 3, 2013.

Idaho Appellate Rule 14(a) provides that an appeal must be filed within forty-two days from the date of the judgment or order. Rule 14(a) also provides, in part:

> In a criminal case, the time to file an appeal is enlarged by the length of time the district court actually retains jurisdiction pursuant to Idaho Code. When the court releases its retained jurisdiction or places the defendant on probation, the time within which to appeal shall commence to run.

Quintana filed her notices of appeal on September 9, 2013. Quintana did not file her notices of appeal within forty-two days of November 15, 2012, and June 3, 2013. Therefore, both appeals are untimely.[1] Accordingly, Quintana's appeals are dismissed.

---

[1] The orders denying Quintana's Rule 35 motions would have been timely. However, Quintana does not challenge these orders on appeal.